UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARCUS T. MOORE,<br><br>    Defendant. | Case No. 4:07-cr-40017-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on a Motion for Sentence Reduction pursuant to the First Step Act of 2018. (Doc. 61). The Defendant, Marcus T. Moore, filed this motion on December 29, 2023. Because Moore was sentenced under 21 U.S.C. § 841(b)(1)(C), he is ineligible for a sentence reduction and, therefore, the Court **DENIES** the motion.

Before 2010, under 21 U.S.C. § 841(b)(1)(A) (hereinafter "Subparagraph A"), distribution of more than 50 grams of cocaine base was punishable by a term of imprisonment of at least ten years, up to life. Under 21 U.S.C. § 841(b)(1)(B) (hereinafter "Subparagraph B") distribution of more than 5 grams of cocaine base was punishable by imprisonment for no greater than forty years and no less than five years. In contrast, 21 U.S.C. § 841(b)(1)(C) (hereinafter "Subparagraph C") had no drug threshold. Under Subparagraph C, distribution of any amount of cocaine base was punishable by a term of imprisonment of no more than twenty years, with no mandatory minimum.

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (codified as amended in scattered sections of 21 and 26 U.S.C.) (hereinafter "Fair Sentencing Act"), amended Subparagraphs A and B. *Id*. at § 2. Section 2 of the Fair Sentencing Act modified the threshold

drug weights for Subparagraph A and B to apply. *Id*. Respectively, the law raised the cocaine base threshold from 50 grams to 280 grams under Subparagraph A and from 5 grams to 28 grams under Subparagraph B.[1] The Fair Sentencing Act did not alter Subparagraph C. The Fair Sentencing Act also did not adjust the statutory penalties for cocaine base violations.

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194 (codified as amended in scattered sections of 18, 21, and 34 U.S.C.) (hereinafter "First Step Act"), effectively made the Fair Sentencing Act's changes to cocaine base thresholds under Subparagraphs A and B retroactive.[2] *Id*. at § 404. Accordingly, convicts who were sentenced under Subparagraphs A or B before the Fair Sentencing Act may have their sentences adjusted to what their sentences would have been after the Fair Sentencing Act's changes.

Notably, Subparagraph C was not modified by the Fair Sentencing Act of 2010 or by the First Step Act of 2018. It appears likely that the reason Subparagraph C remained unmodified

---

[1] SEC. 2. COCAINE SENTENCING DISPARITY REDUCTION.
    (a) CSA.—Section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) is amended—
        (1) in [Subparagraph A], by striking "50 grams" and inserting "280 grams"; and
        (2) in [Subparagraph B], by striking "5 grams" and inserting "28 grams".

    (b) IMPORT AND EXPORT ACT.—Section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)) is amended—
. . . .
SEC. 3. ELIMINATION OF MANDATORY MINIMUM SENTENCE FOR SIMPLE POSSESSION.
    Section 404(a) of the Controlled Substances Act (21 U.S.C. 844(a)) is amended by striking the sentence beginning "Notwithstanding the preceding sentence,".

Fair Sentencing Act, § A.

[2] In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by *section 2 or 3* of the Fair Sentencing Act of 2010
. . . .
A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if *sections 2 and 3* of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

First Step Act, §§ 404(a), 404(b) (emphasis added).

was because Subparagraph C did not have a mandatory minimum. Neither did Subparagraph C have a threshold drug amount to apply.

Both the Fair Sentencing Act and the First Step Act were very specific: the Fair Sentencing Act modified Subparagraphs A and B while the First Step Act allowed convicts who were sentenced under the Fair Sentencing Act's changes to seek a reduction. Subparagraph C was not modified by the Fair Sentencing Act and, therefore, the First Step Act does not entitle convicts who were sentenced under Subparagraph C to seek resentencing. Even if it did, Subparagraph C's statutory range was not modified and remains the same today as it did before the Fair Sentencing Act. *Compare* 21 U.S.C. § 841(b)(1)(C) *with* 21 U.S.C. § 841(b)(1)(C) (2006) *and* 21 U.S.C. § 841(b)(1)(C) (August 4, 2010).

To exemplify these changes, consider a convict who was sentenced for distributing more than 5 grams of cocaine base, under Subparagraph B, in 2000. Again, the Fair Sentencing Act changed the cocaine base threshold under Subparagraph B from 5 grams to 28 grams. If the convict was culpable for distributing 20 grams of cocaine base, because 20 grams is below the new 28-gram threshold for Subparagraph B's sentencing range to apply, the convict may be resentenced under Subparagraph C's statutory range. However, if the convict was culpable for 40 grams of cocaine base, because 40 grams is still above the new 28-gram threshold for Subparagraph B's sentencing range to apply, the convict would still be sentenced under Subparagraph B's sentencing range, i.e., nothing would change.

On December 18, 2007, Moore was sentenced to 188 months in prison on four counts of distributing *less than* five grams of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and *Subparagraph C*. (Doc. 28). The indictment alleged distribution of "*less than* five grams" of cocaine base in violation of *Subparagraph C*. (Doc. 1) (emphasis

added). While Moore's presentence investigation report (PSR) found that he was culpable for *more than* five grams of cocaine base, (Doc. 26), that finding did not change how he was charged; at no point in time was Moore charged with a violation of Subparagraphs A or B. Regardless of how much cocaine base Moore was culpable for, he was indicted, convicted, and sentenced solely under § 841(a)(1) and *Subparagraph C*, for distribution of *less than* five grams of cocaine base. This is also reflected in the final judgment. (Doc. 32). While Moore faced an enhanced statutory penalty for having a prior drug conviction, neither the First Step Act nor the Fair Sentencing Act modified Subparagraph C's enhanced statutory penalty for prior felony drug offenders. *Compare* 21 U.S.C. § 841(b)(1)(C) (2006) *with* 21 U.S.C. § 841(b)(1)(C) (August 4, 2010).

Therefore, because the Fair Sentencing Act did *not* change the penalties for *Subparagraph C* and Moore was sentenced under *Subparagraph C*—not Subparagraphs A or B—Moore is not entitled to a sentence reduction under the First Step Act.

## CONCLUSION

As Moore is ineligible for a sentence reduction under the First Step Act of 2018, the Court hereby **DENIES** Moore's Motion for a Sentence Reduction. (Doc. 61).

**IT IS SO ORDERED.**
**DATED: May 23, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**